UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SCOTT E. SPATES**,

                Plaintiff,

v.                               **Case No. 16-cv-160-pp**

**DR. SAUVEY**,

                Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 22) AND DENYING PLAINTIFF'S MOTIONS FOR ORDERS FOR AFFIDAVITS (DKT. NOS. 23, 24)**

---

    The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. Dkt. No. 1. On May 31, 2016, the court allowed the plaintiff to proceed on an Eighth Amendment claim against Dr. Sauvey. Dkt. No. 15. She filed an answer to the plaintiff's complaint on July 29, 2016. Dkt. No. 21. On August 3, 2016, the plaintiff filed a motion for the appointment of counsel (Dkt. No. 22) and two motions for orders allowing him to obtain affidavits/declarations from various people, none of whom are defendants (Dkt. Nos. 23, 24). The court will deny all three motions.

**I.    MOTION TO APPOINT COUNSEL**

    This is the plaintiff's second motion asking the court to recruit counsel to represent him on a *pro bono* basis. The motion is nearly identical to the motion

1

he filed on May 11, 2016 (Dkt. No. 12), which the court denied on May 31, 2016 (Dkt. No. 15).

The plaintiff once again indicates that his imprisonment will make it hard for him to litigate, that his case is complex, that he has limited access to the law library, and that he doesn't have knowledge of the law. Dkt. No. 22 at 1-2. He indicates, again, that he's tried to find a lawyer—he has mailed out nineteen letters asking lawyers to represent him. Id. at 2. He states that he doesn't have access to witnesses (particularly at St. Vincent's), and that he will need expert witness testimony. Id. at 2.

As the court previously explained, in a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(3)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). After a plaintiff demonstrates that he has made a reasonable attempt to hire counsel, the court must decide "whether the difficulty of the case—legally and factually—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The court already has explained to the plaintiff that almost every inmate who files a lawsuit asks the court to recruit a lawyer to represent him. Most of them have no money, have no legal training, cannot afford a lawyer, and have

2

Case 2:16-cv-00160-PP   Filed 08/09/16   Page 2 of 6   Document 25

only limited access to the law library. Many of them have medical issues. The court does not have the resources to pay lawyers to represent everyone who asks, and there are not enough volunteer lawyers to provide counsel for everyone who asks. This means that the court will recruit counsel only in those cases where the issues have become so complicated that the plaintiff cannot explain them himself.

The court record continues to demonstrate that, at this time, the plaintiff is competent to present the issues in his case himself. He has laid out, clearly and succinctly and in legible form, the facts of the case. The court understands his claim. Now that the defendant has filed an answer and the court has entered a scheduling order, the plaintiff may serve the defendant with interrogatories (written questions) and/or document requests to obtain information and documents that support his version of the events. Nothing indicates that the plaintiff is unable to handle these tasks on his own. There may come a point in the case where the plaintiff becomes unable to handle the legal issues in the case, but that point has not arrived. If and when that point comes, he can renew his request that the court appoint counsel.

**II.      MOTIONS FOR ORDERS TO GET AFFIDAVITS**

The plaintiff filed two other motions, indicating that he is seeking affidavits from three correctional officers and one of his treating physicians, and that he cannot get those affidavits without a court order. Dkt. Nos. 23, 24. He included with each motion a list of questions he'd like to ask each individual. Id. The plaintiff indicates that he doesn't have a lawyer, that he

3

doesn't know anything about the law, and that he needs this information in order to be prepared for any motions defendant files. Id. None of the individuals the plaintiff seeks to question are defendants in this lawsuit.

Because the individuals the plaintiff identifies are not parties to his lawsuit, the court does not have the authority to require them to participate in his informal collection of information from them. The plaintiff indicates that he has attempted to contact these individuals and that they have failed or refused to respond to his questions. That is their right and, because they are not defendants in this litigation, the court cannot compel them to respond.

The plaintiff may seek to compel these individuals to testify at a deposition or at a trial by serving them with a subpoena (see Fed. R. Civ. Pro. 45). The plaintiff should be aware, however, that there are specific rules for subpoenaing witnesses. A person wishing to issue a subpoena must ask for one from the clerk of court. The subpoena must be signed by the clerk of court. The plaintiff must make arrangements (and pay for) the subpoena to be served on the individuals he wants to depose. The plaintiff must arrange the time and place of the deposition, and must put that information in the subpoena. The plaintiff must give the person he seeks to depose plenty of notice of the time and date, and the person being deposed may have a lawyer present with him at the deposition. The plaintiff must make arrangements for hiring a court reporter to take down the questions and answers, and must pay that court reporter. The person who subpoenas a witness must also pay that witness a witness fee of $40 per day.

The party who seeks the subpoena is responsible for paying the associated costs—even if the court has found that the party is indigent. See Armstead v. MacMillian, 58 Fed.Appx. 210, 213 (7th Cir. 2003) (unpublished) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants . . . ."); Nail v. Gutierrez, Case No. 06-cv-292 , 2007 WL 425535 at *1 (N.D. Ind. Nov. 30, 2007) (unpublished) (". . .28 U.S.C. §1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs.") (citations omitted). Courts do not place the financial burden of the plaintiff's discovery on non-party individuals or on the defendant.

As the court indicates above, the plaintiff may use interrogatories and document requests to obtain information from *the defendant.* He can use these tools to ask *the defendant* for some—perhaps even all—of the information he seeks. He should mail his requests directly to the defendant's lawyer (Laure C. Rakvic-Farr, Wisconsin Department of Justice, Office of the Attorney General, 17 West Main Street, P.O. Box 7857, Madison, Wisconsin, 53707-7857).

### III. CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel (Dkt. No. 22).

The court **DENIES** the plaintiff's motions for orders for

5

affidavits/declarations (Dkt. Nos. 23, 24).

Dated in Milwaukee, Wisconsin this 9th day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge