UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

SCOTT E. SPATES,

                Plaintiff,

v.                                **Case No. 16-cv-160-pp**

**DR. SAUVEY**,

                Defendant.
_____

**DECISION AND ORDER DENYING PLAINTIFF'S
REQUEST TO USE FUNDS IN HIS
RELEASE ACOUNT FOR LITIGATION EXPENSES (DKT. NO. 27)**
_____

        Scott E. Spates, a Wisconsin state prisoner who is representing himself, filed a motion asking the court to allow him to use some of the money in his release account to cover litigation expenses, such as making copies and purchasing legal supplies. Dkt. No. 27. The plaintiff explains that he had obtained a legal loan for $100, but that he already has spent $97.63 of it. Id.

        Courts in this district have permitted prisoners to pay *filing fees* from their release accounts, in reliance on the language of the Prison Litigation Reform Act (PLRA). See e.g., Guman v. Bailey, No. 09–CV–106, 2009 WL 1687578, at *1–2 (E.D. Wis. June 15, 2009); Doty v. Doyle, 182 F.Supp.2d 750, 751–52 (E.D. Wis. 2002); Spence v. McCaughtry, 46 F.Supp.2d 861 (E.D. Wis. 1999). Courts have not, however, permitted prisoners to pay litigation *costs* with funds in their release accounts.

The PLRA provides procedures for courts to follow when a prisoner asks to bring a civil action "without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(2). The PLRA says nothing about costs, and at least one Circuit Court of Appeals has noted that granting *in forma pauperis* status under §1915 "does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs . . . ; expert witness fees . . . ; or sanctions." Porter v.. Dep't of Treasury, 564 F.3d 176, 180 n. 3 (3rd Cir. 2009) (internal citation omitted).

Because there is no authority requiring the prison to allow inmates to use their release account funds for litigation costs, it would be inappropriate for this court to interfere with the Department of Corrections' policy goals of "aid[ing] the inmate's reintegration into the community" and "reimburs[ing] the department for incarceration costs." *See* Wis. Admin. Code § DOC 309.466(2).

The court **ORDERS** that the plaintiff's motion to use funds in his release account to pay litigation expenses (Dkt. No. 27) is **DENIED**.

Dated in Milwaukee, Wisconsin this 19th day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge