UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT E. SPATES,

                Plaintiff,

v.                                                    Case No. 16-cv-160-pp

MARY SAUVEY,
LT. VAN GHEEMS,
and SGT. KAPHINGST,

                Defendants.

**DECISION AND ORDER GRANTING THE PLAINTIFF'S
MOTION TO CLARIFY STATUS OF THIS CASE (DKT. NO. 74), SCREENING
AMENDED COMPLAINT (DKT. NO. 37) AND DISMISSING CASE AGAINST
ALL DEFENDANTS**

**I.    Facts**

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. Dkt. No. 1. The court screened the complaint, and issued an order allowing the plaintiff to proceed with an Eighth Amendment claim that defendant Dr. Sauvey refused to send him to the hospital even though the plaintiff could not walk without extreme pain. Dkt. No. 15 at 6-7. The defendant answered the complaint, dkt. no. 21, and on August 9, 2016, the court issued a scheduling order, dkt. no. 26.

Several weeks later, on August 22, 2016, the court received from the plaintiff a motion asking for leave to file an amended complaint. Dkt. No. 31.

1

The plaintiff explained that in his complaint, he had named a "John Doe" defendant.[1] Id. at 1. He told the court that he'd since learned that the real name of the "John Doe" defendant was Lieutenant Van Gheems, and he asked to amend the complaint to add Van Gheems as a defendant. Id. at 1-2. He also explained that he'd named a "Jane Doe" defendant in the complaint, and that he'd since learned that her real name was Sergeant Kaphingst. Id. at 2. He asked to add Kaphingst as a defendant. Id. The court granted the motion on September 1, 2016, and instructed the plaintiff to file the amended complaint on or before September 30, 2016.[2] Dkt. No. 33.

On September 6, 2017—without the plaintiff yet having filed an amended complaint—defendant Sauvey filed a motion to stay all deadlines, so that the defendant could file a motion for summary judgment based on her assertion that the plaintiff had failed to exhaust his administrative remedies. Dkt. No. 34. The incidents the plaintiff complained of occurred in August 2014, and the defendant asserted that the plaintiff had not filed an offender complaint regarding the incidents until December 30, 2015, over a year after the deadline by which to file a complaint had expired. Id. at ¶1. On September 7, 2016, the

---

[1] The plaintiff actually didn't name a "John Doe" *defendant* in his complaint. He named only one defendant—Dr. Sauvey—and indicated that he was suing "only one defendant." Dkt. No. 1 at 2. The plaintiff *mentioned* a John Doe—the first shift supervising lieutenant—and a Jane Doe, whom he did not describe. But he did not name those individuals as *defendants*.

[2] The court required the plaintiff to amend his complaint, rather than just adding the two new defendants to the original complaint, because the plaintiff's motion to amend did not contain any facts or allegations against the two new defendants. Dkt. No. 33 at 2.

2

court granted defendant Sauvey's motion to stay, and stayed all pending deadlines (other than the deadline the court set for the defendant to file her motion for summary judgment based on failure to exhaust administrative remedies). Dkt. No. 36. The court concluded that it would be a waste of the parties' time and resources to require the parties to conduct discovery, if it was true that the plaintiff had not filed any grievances regarding the incident for over a year. Dkt. No. 36. The court did not mention, in its order staying deadlines, the fact that it had issued an order allowing the plaintiff to amend his complaint to add the two defendants whose identities he'd discovered.

A week later, on September 14, 2016, the plaintiff filed his proposed amended complaint, naming defendant Sauvey (whom he'd named in his original complaint), Lieutenant Van Gheems and Sergeant Kaphingst as defendants. Dkt. No. 37. The court did not, however, screen the amended complaint; to date, it hasn't done so, and that error has caused the current confusion. The court never ordered the amended complaint served on the two new defendants.

A little less than a month later, on October 7, 2016, defendant Sauvey—and only defendant Sauvey—filed a motion for summary judgment. Dkt. No. 39. On January 17, 2017, the court granted that motion, finding that the plaintiff had failed to exhaust his administrative remedies. Dkt. No. 54. The order granting summary judgment listed only defendant Sauvey in the caption, and referred only to one defendant—defendant Sauvey. <u>Id.</u> The court entered

judgment, and dismissed the entire case, on January 19, 2017; again, the judgment listed only one defendant—defendant Sauvey. Dkt. No. 55. Again, it was an error for the court to dismiss the *entire* cause. It should have dismissed the case only as to defendant Sauvey.

On January 26, 2017, the plaintiff appealed the court's decision to the Seventh Circuit. Dkt. No. 56; Spates v. Sauvey, Case No. 17-1170, Dkt. No. 1 (7th Cir.). The plaintiff listed only one defendant in his notice of appeal—defendant Sauvey. Id. The Seventh Circuit's record for the case named only one defendant on appeal—defendant Sauvey. See, *e.g.*, Id. at Dkt. No. 60.

On August 29, 2017, defendant Sauvey filed a motion in the Seventh Circuit to dismiss the appeal. Spates v. Sauvey, Id. at Dkt. No. 22. The motion alleged that the Seventh Circuit Court of Appeals did not have appellate jurisdiction over the appeal, because this court's decision dismissing the case was not a final decision. Id. at 2. Sauvey explained that the plaintiff had added two defendants to the case, but that the court had not resolved the claims against those defendants. Id. at 3. She noted that the amended complaint remained pending against Van Gheems and Kaphingst. Id. at 4. Sauvey asked the Seventh Circuit to dismiss the appeal and remand it to this court for further proceedings. Id. The plaintiff responded to that motion, arguing that he thought this court's order dismissing his case should have "cover[ed] the merits of the case," and that the court's ruling should have been "dispositive of all other issues." Id. at Dkt. No. 24 at 4. After some back and forth between the

4

plaintiff and the Seventh Circuit, the plaintiff filed a motion asking the Seventh Circuit to dismiss his appeal without prejudice. Id. at Dkt. No. 41. He told the Seventh Circuit that he was making the request because he realized that this court had not addressed the two new defendants, and he indicated that he wanted the chance to appeal whatever decision this court might issue as to all three defendants. Id. at 3. On March 30, 2018, the Seventh Circuit granted the plaintiff's motion and dismissed the appeal. Id. at Dkt. No. 42.

## II. The Plaintiff's Current Motion (Dkt. No. 74)

On April 19, 2018, the court received from the plaintiff the current motion for clarification. Dkt. No. 74. The plaintiff says that the Seventh Circuit told him that two new defendants were added to the complaint, and asks why he never was informed of this fact. Id. at 2. He asks whether the court ever contacted Van Gheems and Sgt. Kaphingst or their lawyers. Id. And he asks what the court expects of him, saying that he is "lost." Id.

It is understandable that the plaintiff is lost. This court made mistakes in processing his case. First, it failed to screen his amended complaint. The court cannot say for sure why it failed to screen the complaint; it suspects that it was distracted by defendant Sauvey's motion for summary judgment. That is not an excuse, and the failure is the responsibility of the court.

The court's second mistake is that when it granted Sauvey's motion for summary judgment, the court indicated that it was dismissing the entire case, forgetting that the plaintiff had filed an amended complaint naming two other

5

defendants. The court *could not* dismiss the entire complaint without dealing with the plaintiff's proposed amended complaint, and with the claims he'd alleged against Van Gheems and Kaphingst, and it had not done that.

The plaintiff rightfully asks what he should do now. The answer is that the plaintiff does not need to do anything. It is the court's responsibility to do something, something it should have done months ago—screen the amended complaint against Van Gheems and Kaphingst.

### III. Screening the Proposed Amended Complaint (Dkt. No. 37)

A. <u>Facts</u>

In the original complaint, the plaintiff had alleged that defendant Sauvey was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. In his September 2016 amended complaint, the plaintiff alleged that Van Gheems and Kaphingst were correctional officers at Green Bay Correctional Institution at the time of the events in the complaint. Dkt. No. 37 at 3. The amended complaint alleged that on August 11, 2014, one of the nurses gave him a wheelchair to use to go to the Health Services Unit to see the doctor; he needed the chair because he'd lost the ability to walk, and was in pain. <u>Id.</u> at 3-4. In the HSU, the plaintiff saw Sauvey, and explained that he could not walk and was in pain. The plaintiff alleged that Sauvey "pretended" to examine him, when really she was only taking his temperature and blood pressure. <u>Id.</u> at 4. The plaintiff alleges that Sauvey told him she could "fix the

problem" and that he'd be up in no time, and said that she'd order the necessary medication right away. Id.

The plaintiff alleged that on August 11—the same day—he had told Kaphingst, who was at the plaintiff's cell, that he was in pain and couldn't walk on his own. He said that once he returned to his cell from the HSU (in the same wheelchair he'd used to travel to the HSU), Kaphingst returned to his cell. Id. The plaintiff alleged that Kaphingst came to his cell to tell the plaintiff that her supervisor, Van Gheems, had just talked to Sauvey, and that "she (Sgt. Kaphingst) is being told the plaintiff do[es] not need a wheelchair and the plaintiff is fine." Id. at 5. The plaintiff says that Kaphingst told the plaintiff that she could see that something was wrong, and that it was serious; despite this, the plaintiff says that all Kaphingst did was tell him to write to the security director. Id. He says that despite seeing that something was wrong with the plaintiff, Kaphingst "did not do anything herself to mitigate the plaintiff['s] health risk." Id.

The plaintiff alleges that Van Gheems saw the plaintiff on his way back from the HSU to his cell in the wheelchair. Id. at 5-6. He asserts that Van Gheems called Sauvey and asked why the plaintiff was in a wheelchair; the plaintiff alleges that Sauvey responded that the plaintiff was fine, and didn't need a wheelchair. Id. at 6. The plaintiff asserts that Van Gheems then called the plaintiff's cell hall to restrict him from using the wheelchair. Id.

7

On August 15, 2014 (four days later), the plaintiff says that he "was told" to go to the HSU to see Sauvey—he doesn't say who told him this. He says that he "was also told" that he could not use a wheelchair to get to the HSU. Id. Somehow, the plaintiff made it to HSU, but says that Sauvey did not give him a sick call or a checkup. Rather, he says, Sauvey told the plaintiff that he would be going to an outside hospital; the plaintiff also says, however, that "she"—presumably Sauvey—said that the plaintiff was fine and did not need a wheelchair. Id.

The plaintiff did go to an outside hospital on August 15, 2014, where four doctors realized that he had a serious medical problem. Id. He ended up having emergency spinal and nerve surgery. Id. at 7. The plaintiff indicated that on August 10, 2016—two years later—he had to have a second back surgery; he also had two MRI's, an EKG and other tests. Id.

At the end of the complaint, the plaintiff explained what he had done to exhaust his remedies. Id. at 8. He alleged that Sauvey had violated his Eighth Amendment rights by refusing to give him medical assistance and by telling others that he didn't need a wheelchair. Id. He asserted that Van Gheems "help[ed] [him] suffer more by not allowing" him to use the wheelchair, despite never having even talked to the plaintiff. And he alleged that Kaphingst, despite having seen that something was seriously wrong with the plaintiff, had done nothing about it. Id. at 9.

B.  Law

In the screening order for the original complaint, the court explained that to state an Eighth Amendment claim for deliberate indifference, a plaintiff had to allege 1) an objectively serious medical condition; and 2) the defendant official's deliberate indifference to that medical condition. Arnett v. Webster, 658 F.3d 742, 750 (2011) (citing Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006)). A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2001) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

C.  Analysis

1.  Whether the Plaintiff Has Stated Claims Against Kaphingst and Van Gheems

The court already has found that the plaintiff has stated sufficient facts to demonstrate that his medical condition was objectively serious. Dkt. No. 15 at 6-7. The court found that the plaintiff had stated sufficient facts to proceed on a claim that Sauvey was deliberately indifferent to his serious medical needs, but as noted above, the court dismissed defendant Sauvey from the case because it found that the plaintiff had failed to exhaust his administrative remedies before filing his lawsuit against her.

The question at this stage is whether the plaintiff has stated sufficient facts to indicate that Kaphingst and Van Gheems were deliberately indifferent

9

to his serious medical need. The court finds that the plaintiff has stated sufficient facts to indicate that Kaphingst was deliberately indifferent to the plaintiff's serious medical need, when she observed that something was seriously wrong with the plaintiff but did nothing other than tell him to write to the security director.

The court finds that the plaintiff has *not* alleged sufficient facts to indicate that Van Gheems was deliberately indifferent to his serious medical needs. The plaintiff asserts that Van Gheems denied him a wheelchair (or restricted him from using one) because defendant *Sauvey* told Van Gheems that the plaintiff did not need a wheelchair. Van Gheems—a correctional officer—is not a medical professional. "Non-medical defendants . . . can rely on the expertise of medical personnel." Arnett, 682 F.2d at 755. "[I]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Id. (citing Greeno, 414 F.3d at 656. Because Van Gheems, a non-medical defendant, relied on the plaintiff's medical professional (Sauvey) in denying the plaintiff a wheelchair, the plaintiff cannot state a claim that Van Gheems was deliberately indifferent to his serious medical need.

The court will dismiss Van Gheems as a defendant.

### 2. Whether the Plaintiff Exhausted His Remedies as to Kaphingst

Finally, the court must determine whether the plaintiff exhausted his administrative remedies as to his claim against Kaphingst. In the amended

complaint, the plaintiff asserted that on December 30, 2015—over a year after the incidents he described in his complaints—he "presented the facts relating" to the amended complaint while at Oshkosh Correctional Institution. Dkt. No. 37 at 8. He indicated that his complaint was rejected on January 5, 2016 because he had not filed it within the fourteen-day limit the Department of Corrections procedures require. Id. The plaintiff alleges that he was in the hospital from August 15, 2014 to September 3, 2014, which is why he could not file a grievance within fourteen days. Id. He also asserts that "the medical problem is not over to this day, and as long as the problem last[s] the 14 calendar days can't even start." Id. Finally, he asserts that he "had the rejected complaint review[ed] and the rejection was" accepted. Id.

The first portion of the exhaustion argument the plaintiff made in his amended complaint is identical to the argument he made with regard to defendant Sauvey's motion for summary judgment—that he could not have timely filed a grievance because he was in the hospital at the fourteen-day mark. The court rejected that argument with respect to defendant Sauvey, and rejects it with regard to defendant Kaphingst. The court provided the following reasoning:

> The event giving rise to the plaintiff's complaint occurred on [August 11], 2014. Thus, under §DOC 310.09(6), the plaintiff would have had until [August 25], 2014 to file his offender complaint. Both parties agree that the plaintiff was hospitalized until early September 2014, and did not have access to offender complaints on or before August [25], 2014. The question before the court, then, is whether the plaintiff's hospitalization

11

> somehow [rendered] administrative remedies altogether "unavailable."
>
> Dr. Sauvey asserts that it did not, because the plaintiff *could* have filed the grievance within fourteen days of his return to the prison. The court agrees. See Hernandez v. Dart, 814 F.3d 836, 843 (7th Cir. 2016) (stating that because an inmate was "hospitalized" and "shackled to his hospital bed" during the time period to file his grievance, his time period to file began after he was discharged from the hospital). In Hernandez, the court ultimately allowed the plaintiff to proceed with his case because he was not familiar with the inmate grievance process. See id. That is not the case here.
>
> The record here shows that the plaintiff was very familiar with the grievance process. He has filed at least fifteen other offender complaints while in prison, see dkt. no. 42-1, and he filed a grievance on September 22, 2014—during the time that he was in the hospital. Id. at 2. The plaintiff did not file the grievance related to Dr. Sauvey until over a year after the events of August [10-14].

Dkt. No. 54 at 9-10.

The second part of the exhaustion argument the plaintiff made in his amended complaint—that his medical condition had continued up through the date on which he filed the amended complaint, and that the fourteen-day period for filing an inmate grievance could not start until his medical issues were resolved—is new. It is not, however, supported by the Department of Corrections regulations. Section DOC 310.07(2) requires an inmate to file a complaint within fourteen days "after the *occurrence giving rise to the complaint.*" With regard to Kaphingst, the "occurrence" of which the plaintiff complains is the incident in which he told Kaphingst that he was in pain, she observed his pain and conceded that something was seriously wrong, and yet

12

she did nothing more than tell him to write to the security director. That "occurrence" took place on August 11, 2014. The fact that the plaintiff still suffered from whatever medical situation caused his pain at the time he filed the amended complaint is irrelevant to the date of the *occurrence* about which he was complaining.

Because the plaintiff did not exhaust his administrative remedies before filing his amended complaint against Kaphingst, the court will dismiss her as a defendant. That means that, as far as the court can tell, this order dismisses all remaining defendants, and will dispose of the entire case.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion to clarify status of this case. Dkt. No. 74.

The court **ORDERS** that defendant Van Gheems is **DISMISSED** as a defendant because the plaintiff has failed to state a claim against him.

The court **ORDERS** that defendant Kaphingst is **DISMISSED** as a defendant, because the plaintiff did not exhaust his administrative remedies before filing a federal case against her.

Because the court already had dismissed defendant Sauvey in its order of January 17, 2017, dkt. no. 54, the court **ORDERS** that this case is **DISMISSED AS TO ALL DEFENDANTS**. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 24th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**