UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT E. SPATES,

                Plaintiff,

v.                             USDC Case No. 16-cv-160-pp
                                 USCA Case No. 18-2216

DR. SAUVEY,

                Defendant.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 81) AND GRANTING THE PLAINTIFF'S MOTION FOR ORDER TO PAY PARTIAL FILING FEE OUT OF RELEASE SAVINGS ACCOUNT (DKT. NO. 83).**

---

On May 24, 2018, the court dismissed this case and all of the defendants. Dkt. No. 75. The plaintiff filed a notice of appeal, dkt. no. 77, as well as a motion for leave to appeal without prepayment of the filing fee, dkt. no. 81, and a motion for an order allowing him to pay the partial filing fee out of his release account, dkt. no. 83.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have money to pay the $505.00 appellate filing fee in advance, he can request leave to proceed without prepaying it. To proceed without prepaying the appellate filing fee, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court then will assess an initial filing fee of twenty percent of the average

1

monthly deposits to the plaintiff's prison account, or the average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

District courts will deny a request to appeal without prepayment of the filing fee for one of three reasons: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has accrued three strikes. See 28 U.S.C. §§ 1915(a)(2)-(3), (g). In this case, the plaintiff has established that he is indigent, that he has not accrued three strikes, and that he has taken this appeal in good faith. The court will grant the plaintiff's motion for leave to appeal without prepayment of the filing fee.

A review of the plaintiff's trust account statement reveals that the plaintiff must pay an initial partial filing fee of **$1.56**, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The plaintiff asks to use his release account to pay the amount, which he may do because he has no other funds available to pay the filing fee. See Dkt. No. 82; see also Robinson v. Tegels, No. 13-CV-198-WMC, 2013 WL 1192485, at *1 (W.D. Wis. Mar. 22, 2013) (citing Carter v. Bennett, 399 F.Supp.2d 936, 936-37 (W.D. Wis. 2005)). After the plaintiff pays the initial partial filing fee, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The agency which has

custody of the petitioner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less. Id.

The court **GRANTS** the plaintiff's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 81.

The court **GRANTS** the plaintiff's motion for order to pay partial filing fee out of release account. Dkt. No. 83. The agency having custody of the plaintiff shall withdraw **$1.56** from the plaintiff's release account and forward that sum to the Clerk of Court as payment for the initial partial filing fee for his appeal, on or before **July 18, 2018**. The agency shall clearly identify the payments by the case name and number. If the plaintiff fails to comply with this order, the court of appeals may dismiss his appeal

The court **ORDERS** that, after the plaintiff pays the initial partial filing fee, the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the **$503.44** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of Columbia Correctional Institution, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 26th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**