UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT E. SPATES,

       Plaintiff,

v.

Case No. 16-cv-160-pp

MARY SAUVEY and
MS. KAPHINGST,

       Defendants.

---

**ORDER REQUIRING SERVICE OF AMENDED COMPLAINT ON DEFENDANTS AND REQUIRING THEM TO ANSWER OR OTHERWISE RESPOND**

---

This case is almost three years old, and due to various twists and turns, it has not progressed very far. On January 3, 2019, the court received an order from the Seventh Circuit Court of Appeals, indicating that the parties had agreed, based on new Seventh Circuit case law, that this court's dismissal of the case for failure to exhaust remedies should be vacated, and the case remanded to this court for further proceedings.[1] This order provides next steps for the litigation following that remand.

---

[1] That order is not yet on this court's docket, because the "mandate"—the Seventh Circuit's final order—has not yet issued. Under Federal Rule of Appellate Procedure 41(b), the appellate court issues the mandate seven days after the expiration of the time to file a petition for rehearing; Rule 40(a)(1) sets the deadline for filing a petition for rehearing at fourteen days. Reading those two rules together, the "mandate" issues twenty-one days from the date the Seventh Circuit enters judgment. Here, judgment was entered on January 3, 2019, so the mandate should issue around January 24, 2019.

1

The plaintiff's original complaint named only one defendant—Mary Sauvey. Dkt. No. 1. The court screened that complaint, allowed the plaintiff to proceed on a deliberate indifference claim against Sauvey, had the complaint electronically served on her and required her to file a response. Dkt. No. 15. Sauvey timely filed an answer. Dkt. No. 21. The court then issued a scheduling order that set deadlines for the plaintiff and the defendant to exchange discovery and to file dispositive motions. Dkt. No. 26.

About two weeks later, the plaintiff filed a motion asking the court to allow him to amend the complaint. Dkt. No. 31. He had identified two "John Doe" witnesses, and wanted to include them as defendants. Those two witnesses were Lt. Van Gheems and Sgt. Kaphingst. Id. at 1-2. The court granted that motion, and although the plaintiff had attached a proposed amended complaint to his motion for leave to amend, the court ordered him to file another amended complaint (because the proposed amendment did not contain any facts or allegations against the two new defendants). Dkt. No. 33. The court ordered the plaintiff to file the amended complaint by September 30, 2016. Id. at 2.

Before that deadline arrived, however, defendant Sauvey filed a motion asking the court to stay the discovery and dispositive motions deadlines, because she planned to file a motion alleging that the court should dismiss the case for the plaintiff's failure to exhaust his administrative remedies. Dkt. No. 34. The court granted that request, and ordered Sauvey to file her exhaustion

motion by October 7, 2016 (about a week after the plaintiff's amended complaint was due). Dkt. No. 36.

The plaintiff filed his amended complaint two weeks earlier than the date the court had ordered; the amended complaint added factual allegations against Van Gheems and Kaphingst. Dkt. No. 37. Three weeks later, Sauvey filed her summary judgment motion, asking the court to dismiss her as a defendant based on her claim that the plaintiff had not exhausted his administrative remedies. Dkt. No. 39. Somehow, in the process of the parties briefing that summary judgment motion, the court neglected to screen the plaintiff's amended complaint, or to realize that the new defendants would be in a different procedural posture than Sauvey.

The court granted Sauvey's motion for summary judgment. Dkt. No. 54. That order made no reference to the amended complaint, or to Kaphingst or Van Gheems, but it purported to dismiss the entire case. Id. The plaintiff timely appealed that order. Dkt. No. 56.

In March 2018, the Seventh Circuit Court of Appeals dismissed the plaintiff's appeal. Dkt. No. 72. The court then received a motion from the plaintiff, explaining that the appellate court had dismissed his appeal because this court's order of dismissal was not final—it had not disposed of *all* the claims against *all* of the defendants. Dkt. No. 74. The plaintiff indicated that he never got an order telling him that the court had allowed him to add Van Gheems and Kaphingst, and he wondered whether they'd been served and whether they had lawyers. Id.

The plaintiff had every reason to be confused—the court had not screened the plaintiff's amended complaint, and had not decided whether he could add Van Gheems and Kaphingst. The plaintiff's motion prompted the court to do what it should have done earlier—it screened the amended complaint. Dkt. No. 75. The court concluded that the plaintiff had *not* stated a claim against Van Gheems, and dismissed Van Gheems as a defendant. <u>Id.</u> at 10. It concluded, however, that he *had* stated sufficient facts to allow him to proceed on a deliberate indifference claim against Kaphingst. <u>Id.</u> Despite this, the court found, as it had in the case of Sauvey, that the plaintiff had not exhausted his administrative remedies as to Kaphingst, and dismissed the complaint against Kaphingst. <u>Id.</u> at 10-14.

The plaintiff timely appealed the dismissal. Dkt. No. 77. It is this appeal that the Seventh Circuit decided on January 3, 2019. Based on the new Seventh Circuit decision regarding exhaustion in situations like the plaintiff's, the parties agreed that this court's order dismissing the case as to Sauvey and Kaphingst should be summarily reversed and remanded. In other words, under Seventh Circuit law, failure to exhaust was not a basis for this court to dismiss the plaintiff's case.

Where does that leave us? The court never ordered the plaintiff's amended complaint to be served on Kaphingst, because it dismissed on exhaustion grounds. So the court needs to have the amended complaint formally served on Kaphingst (as well as on Sauvey, although having made an appearance, she likely is aware of the amended complaint). Both Sauvey and

Kaphingst must have the opportunity to answer or otherwise respond to the amended complaint. Once they have answered, the parties need the opportunity to conduct discovery. Kaphingst has not had the opportunity to conduct any discovery. As for the plaintiff and Sauvey, the court originally gave them three months to conduct discovery (scheduling order at dkt. no. 26), but the plaintiff asked to amend the complaint only two weeks into that three-month process, and Sauvey asked to stay the discovery deadline only a month after the court issued the scheduling order. The court suspects they have not conducted much discovery.

The court hopes that, in ordering service of the amended complaint on Sauvey and Kaphingst, and ordering them to respond, it can get this case on track to move expeditiously.

The court **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's amended complaint, dkt. no. 37, and this order are being electronically sent to the Wisconsin Department of Justice for service on defendants Sauvey and Kaphingst. Defendants Sauvey and Kaphingst shall file a responsive pleading to the amended complaint within **sixty (60) days** of receiving electronic notice of this order.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk's office will electronically scan and enter on the docket each filing as it is received, the plaintiff need not mail copies to the defendants. The court will serve all defendants through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that if he does not file documents or take other court-ordered actions by the deadlines the court sets, the court may dismiss his case for failure to prosecute.

The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the parties' legal rights.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**